IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | <u>C O M P L A I N T</u> |
| FAMILY VIDEO MOVIE CLUB, INC., d/b/a FAMILY VIDEO, | ) ) ) ) | And |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

<u>NATURE OF THE ACTION</u>

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, the Americans with Disabilities Act Amendments of 2009 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to the Charging Party, Jeffrey Spoonley, who was adversely affected by such practices. As alleged in greater particularity in paragraphs 8-12 below, Spoonley was subjected to harassment and discipline relating to his employment with Family Video Movie Club, Inc., d/b/a Family Video ("Family Video"), because of his disabilities. Spoonley was also discharged by Family Video in retaliation for complaining about disability discrimination.

<u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

1

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §706(f)(1) and (3) of Title VII, 42 U.S.C. 2000(e) (5)(f)(1).

4.      At all relevant times, Family Video was and is headquartered in the State of Illinois, and has continuously been doing business in the State of New York and the City of Lackawanna, and has continuously had at least 500 employees.

5.      At all relevant times, Family Video has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e (g) and (h).

6.      At all relevant times, Family Video has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Spoonley filed a charge with the Commission alleging violations of Title I and Title V of the ADA by Family Video.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or about November 2007, Spoonley was hired by Family Video as a Sales Associate.

9. Since at least February 2009, Family Video engaged in unlawful employment practices, including harassment and discipline, at its Lackawanna, New York location, in violation of §102 (a), §102(b)(1) and §102(b)(3)(A) of Title I of the ADA, 42 U.S.C. §12112, because of Spoonley's disabilities, as set forth below:

    a. Spoonley suffers from major depression and social anxiety disorder that manifests in severe anxiety, night terrors, panic attacks, stuttering, insomnia, suicidal ideations, inability to speak, concentrate and interact with others.

    b. On February 24, 2009, Store Manager, Josh Blakeslee harassed Spoonley based on his disabilities. Every week corporate sends local stores a communication about that week's focus called "The Board" that all employees are required to read. Blakeslee harassed Spoonley by writing his name on the Board as, "J-J-J Josh" and writing another employee's name as, "M-M-M-Michael." Spoonley complained to Blakeslee about the names on The Board, but Blakeslee responded that it was a joke.

    c. On February 25, 2009, Blakeslee showed Spoonley a store-wide task list that included his assigned duties for the day. The list included an entry of "Kill Jeffrey/Get Drugs." Blakeslee pointed to the item and asked Spoonley, "Can you do this one before you leave?" The line item on the store-wide to-do list was shocking and offensive to Spoonley because he had a prior suicide attempt about which Blakeslee was aware. Spoonley complained to District Manager Cavan Mueller, but no action was taken to correct the illegal conduct.

10. Family Video further engaged in unlawful employment practices at its Lackawanna, New York location, including retaliatory discipline and discharge, in violation of §503(a) of Title V of the ADA, 42 U.S.C. § 12203, as set forth below:

    a. On March 7, 2009, District Manager Mueller took disciplinary action against Spoonley after he complained about being harassed based on his disabilities. The disciplinary action stated:

> "Jeff has been having Major Issues in the past 2 weeks being able to perform customer service duties due to his increased anxieties about work. Management has had to send him home due to his condition. Jeff needs to solve

3

  these anxiety issues and stop letting it affect his customer
service.  If he can not solve this issue he will not longer be
needed to work for us."

 b. Mueller further threatened Spoonley that if he was still stuttering by the next day, he would lose his job.

 c.  On March 8, 2009, Spoonley reported to work as scheduled and was sent home by Mueller. Although Spoonley was able to perform the essential functions of his job, Mueller told him that he was not allowed to return to work until he was 100 percent.

 d. On March 19, 2009, Spoonley timely filed a Charge of Discrimination with the Commission. The Charge was served on March 26, 2009 with a Request for a Position Statement and Information.

 e. On April 8, 2009, Spoonley returned to work.

 f. On April 19, 2009, Respondent provided its Position Statement and Response to the Commission's Request for Information.

 g. On April 30, 2009, Mueller fired Spoonely in retaliation for complaining about the above mentioned harassment.

11. The effect of the practices complained of in paragraphs 9-10 above has been to deprive Spoonley of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disabilities

12. The unlawful employment practices complained of in paragraphs 9-10 above were intentional.

13. The unlawful employment practices complained of in paragraphs 9-10 above were done with malice or with reckless indifference to the federally protected rights of Spoonley.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Family Video, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from

discriminating against and harassing qualified individuals with disabilities in violation of Title I of the ADA and from retaliating against individuals who complain about or file charges regarding disability discrimination.

  B. Order Family Video to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Family Video to make whole Spoonley, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or reinstatement of Spoonley.

  D. Order Family Video to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. §2000e-8(c).

  E. Order Family Video to make whole Spoonley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9-10 above, including without limitation, job search expenses and medical costs, in amounts to be determined at trial.

  F. Order Family Video to make whole Spoonley by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9-10 above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    G.    Order Family Video to pay Spoonley punitive damages for its malicious and reckless conduct, as described in paragraphs 9-10 above, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

    P. David Lopez  
    General Counsel  
    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
    131 "M" Street, N.E.  
    Washington, D.C. 20507

    Elizabeth Grossman  
    Regional Attorney  
    New York District Office  
    elizabeth.grossman@eeoc.gov

    Nora E. Curtin  
    Supervisory Trial Attorney.

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
    New York District Office  
    33 Whitehall Street, 5th Floor  
    New York, N.Y. 10004  
    nora.curtin@eeoc.gov

    /s/ Judith A. Biltekoff  
    Judith A. Biltekoff  
    Trial Attorney

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
    Buffalo Local Office  
    6 Fountain Plaza, Suite 350  
    Buffalo, New York 14203  
    (716) 551-3356  
    judith.biltekoff@eeoc.gov